**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVETTE CALEN FEAGIN,<br><br>*Plaintiff,*<br><br>v.<br><br>LOUIS FARRAKHAN, et al.,<br><br>*Defendants.* | Case No.: 24-cv-11192-JKS-CLW<br><br>**OPINION**<br><br>December 17, 2024 |

**SEMPER**, District Judge.

 **THIS MATTER** is before this Court upon pro se Plaintiff Evette Calen Feagin's ("Plaintiff") filing of a Complaint and an application to proceed *in forma pauperis* ("IFP application") (ECF 1), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

 **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

 **WHEREAS** having reviewed Plaintiff's application, the Court finds leave to proceed *in form pauperis* is warranted, and the application is **GRANTED**; and

 **WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th

at 371. Pro se complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a pro se complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** the facts alleged in Plaintiff's pro se Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants Louis Farrakhan, Mitt Romney, Lee McCloud, or Jill Derois Clinton Whitman violated her rights. *Iqbal*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2). On her civil cover sheet, Plaintiff indicates that the nature of her suit is "rent lease [and] ejectment." (ECF 1-1.) In the cause of action section, she states "the pursuit of life, liberty [and] justice[,]" with a brief description of the cause being "threat [and] risk of my life." (*Id.*) Within her Complaint, however, Plaintiff discusses the results of the 2024 presidential election and threats of insurrection against her from the morgue and funeral home across the street from her residence. (*See generally* Compl.) These allegations fail to state a claim upon which relief may be granted. (*See Iqbal*, 556 U.S. at 678); therefore

2

Plaintiff's IFP application is **GRANTED**, and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff shall have thirty (30) days to file an amended complaint. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Cathy L. Waldor, U.S.M.J.